IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GODADDY MEDIA TEMPLE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1342-MN |
| | ) | |
| ANEXIO DATA CENTERS, LLC and | ) | |
| DOES 1 THROUGH 10, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Presently before the court is plaintiff GoDaddy Media Temple Inc.'s ("Plaintiff") motion for entry of judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(2). (D.I. 15) For the following reasons, I recommend that the court GRANT Plaintiff's motion and enter a default judgment in favor of Plaintiff in the amount of $1,139,827.80.

**I.    BACKGROUND**

On October 2, 2020, Plaintiff filed this action alleging causes of action for breach of contract, account stated, book account, and unjust enrichment against defendant Anexio Data Centers, LLC ("Defendant") relating to Defendant's failure to provide services due to Plaintiff under a Master Services Agreement (the "MSA"). (D.I. 2 at ¶¶ 13–26; D.I. 4) Plaintiff served the summons and complaint upon Defendant on October 21, 2020 (D.I. 6), and on October 28, 2020, the summons was returned executed by Defendant. (D.I. 9) Defendant failed to file and serve a timely responsive pleading or motion as required under Rule 12 of the Federal Rules of Civil Procedure.

On November 20, 2020, Plaintiff filed a request for entry of default in appearance pursuant to Rule 55(a). (D.I. 10) The court ordered Plaintiff to serve a copy of its request for

entry of default on Defendant and to file proof of such service once made (D.I. 11), which Plaintiff did on December 14, 2020. (D.I. 12) On January 11, 2021, the Clerk of Court entered the default in appearance against Defendant pursuant to Rule 55(a) (the "Entry of Default in Appearance"). (D.I. 13) Plaintiff served the Entry of Default in Appearance on Defendant through Defendant's registered agent on January 13, 2021 and January 26, 2021. (D.I. 14)

On March 23, 2021, Plaintiff filed a motion for entry of default judgment pursuant to Rule 55(b)(2). (D.I. 15) On March 24, 2021, the court ordered Plaintiff to serve a copy of its motion on Defendant and to file proof of such service once made (D.I. 16), which Plaintiff did on March 26, 2021. (D.I. 17)

## II. LEGAL STANDARD

The entry of a default judgment under Federal Rule of Civil Procedure 55 is a two-step process: (1) the entry of a default by the Clerk of Court against a party that "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," Fed. R. Civ. P. 55(a), and (2) entry of default judgment by the Clerk if the "plaintiff's claim is for a sum certain or a sum that can be made certain by computation" or otherwise by the court upon plaintiff's application. Fed. R. Civ. P. 55(b)(1)–(2). A party who defaults by failing to plead or defend admits the allegations in the complaint related to the claims, but does not admit the allegations in the complaint as to the amount of damages.[1] See J & J Sports Prod., Inc. v. Kim, C.A. No. 14-1170-

---

[1] "The Federal Rules of Civil Procedure allow but do not require the district court to conduct a hearing on damages as long as there is a basis for the damages specified in a default judgment. . . . [T]he requirement of a hearing on damages is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." 46 Am. Jur. 2d Judgments § 288; see also T.D. Melchiorre, Inc. v. Victory Foodservice Distributors Corp., 2021 WL 426493, at *5 (M.D. Pa. Feb. 8, 2021) ("Normally, damages must be established at an evidentiary hearing. However, if the amount of damages 'can by computation be made certain,' then a hearing is unnecessary.") (quoting Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)); Joe Hand Promotions, Inc. v. Yakubets, 3 F. Supp. 3d 261, 271 n.8 (E.D. Pa. 2014)).

LPS, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016)). The decision to enter a default judgment is within the discretion of the court. *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178. 1180 (3d Cir. 1984)).

### III. DISCUSSION

The Clerk of Court entered the Entry of Default in Appearance against Defendant on January 11, 2021 (D.I. 13); thus, step one of Rule 55 is satisfied. *See* Fed. R. Civ. P. 55(a). At step two, Plaintiff's motion for a default judgment seeks $1,139,827.80 in damages. (D.I. 15 at ¶ 8; D.I. 15-2) Plaintiff alleges the following: On February 25, 2019, Defendant sent Plaintiff an invoice for the service period from March 1, 2019 through December 31, 2019. (D.I. 2 at ¶ 18) Plaintiff promptly paid Defendant $1,899,713.25, the total amount due as set forth in the invoice, which included a 10% "pre-payment" discount in the amount of $211,079.25. (*Id.*) Subsequent invoices credited Plaintiff's advanced payment as a "pre-payment application." (*Id.* at ¶ 19) On June 20, 2019, however, Defendant ceased providing the services due under the MSA, leaving a $1,139,827.80 credit balance owed to Plaintiff by Defendant. (*Id.* at ¶ 20) The parties agreed that this $1,139,827.80 credit balance was owed to Plaintiff and remains outstanding. (*Id.* at ¶¶ 20–26) Therefore, Plaintiff has shown that the "unchallenged facts set forth in the complaint . . . establish a legitimate cause of action." *Cohran v. Revenue Collect CRA Collections*, C.A. No. 12-082-SLR-SRF, 2013 WL 1632681, at *2 (D. Del. Apr. 16, 2013) (quoting *Mancuso v. Tyler Dane, LLC*, 2012 WL 1536210, at *2 (D.N.J. May 1, 2012)).

Accordingly, the next and final step is to determine the amount of damages to which Plaintiff is entitled. *See T.D. Melchiorre, Inc. v. Victory Foodservice Distributors Corp.*, 2021 WL 426493, at *5 (M.D. Pa. Feb. 8, 2021). Plaintiff's request for $1,139,827.80 in damages is

supported by the affidavit of Plaintiff's counsel (D.I. 15-1 at ¶¶ 10–13), and copies of the aforementioned invoices that were attached to the complaint. (*See* D.I. 2, Exs. D&E) Based on the facts alleged, Plaintiff's counsel's affidavit, and the invoices attached to Plaintiff's complaint, the court finds that Plaintiff's request for $1,139,827.80 in damages is an amount that can be made certain by computation and accurately represents the damages Plaintiff suffered as a result of Defendant's failure to perform. *See, e.g.*, *T.D. Melchiorre*, 2021 WL 426493, at *5 (granting a motion for a default judgment and awarding damages without a hearing where the plaintiff had provided invoices and a payment history for calculating such damages).

## IV. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) be GRANTED. (D.I. 15) Accordingly, I recommend that the court enter an Order of Default Judgment in the following form:

> Upon consideration of plaintiff GoDaddy Media Temple Inc.'s ("GoDaddy") Motion for Default Judgment against defendant Anexio Data Centers, LLC ("Anexio") (D.I. 15), and finding a sufficient basis therefore, **IT IS HEREBY ORDERED** that judgment is entered in favor of GoDaddy and against Anexio, and Anexio is ordered to pay damages in the amount of $1,139,827.80 to GoDaddy. **IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this Order and shall file a proof of service evidencing same once complete.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to three (3) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 19, 2021

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE